IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-02960-PAB-SKC

JULIE BRESCIANI,

   Plaintiff,

v.

ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY,

   Defendant.

## ORDER

This matter comes before the Court on Plaintiff's Motion to Remand Action to State Court Pursuant to 28 U.S.C. § 1447(c) [Docket No. 12].

Plaintiff filed this action in the District Court for Boulder County, Colorado, on June 14, 2018. Docket No. 1-1. Plaintiff's complaint alleges that she is entitled to $250,000 in underinsured motorist coverage benefits under the terms of an insurance policy issued by defendant. Docket No. 3 at 3-4, ¶¶ 17-18, 20-21. On November 16, 2018, defendant removed the case to this Court on the basis of diversity jurisdiction. Docket No. 1; *see also* Docket No. 8 (amended notice of removal). On December 14, 2018, plaintiff filed a motion to remand, asserting that defendant's notice of removal was untimely under § 1446(b). Docket No. 12.[1] Plaintiff argues that her complaint and state court civil cover sheet were sufficient to put defendant on notice that the amount

---

[1] Under 28 U.S.C. § 1447(c), a motion for remand based on a procedural defect in the notice of removal must be "made within 30 days after the filing of the notice of removal." Because plaintiff's motion for remand was filed within thirty days of defendant's notice of removal, it is timely.

in controversy requirement was satisfied and thus the thirty-day removal clock began to run when defendant was served with those documents on September 4, 2018. *Id.* at 4-6, ¶¶ 9, 11-13, 16-17. Defendant responds that, because plaintiff's complaint "was ambiguous as to whether her claim for underinsured motorist benefits exceeded the amount of her settlement with the responsible party," defendant did not have clear and unequivocal notice of removability until November 2, 2018, when plaintiff provided an itemized account of her damages in her initial disclosures. Docket No. 15 at 4-5.

In general, "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). When, however, "the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.*, § 1446(b)(3). The thirty-day clock under § 1446(b) "does not begin to run until the plaintiff provides the defendant with 'clear and unequivocal notice' that the suit is removable." *Paros Props. LLC v. Colo. Cas. Ins. Co.*, 835 F.3d 1264, 1269 (10th Cir. 2016).

The Court finds that the allegations in the complaint were sufficient to put defendant on notice that the case was removable.[2] While defendant reads ambiguity

---

[2]There is no dispute that defendant knew by September 4, 2018 that the parties were citizens of different states. Docket No. 8 at 2, ¶ 8 (noting parties' diversity of citizenship and stating that "[n]o change of citizenship ha[d] occurred since the commencement of this action"). Accordingly, the only issue is whether the complaint

2

into the complaint based on plaintiff's allegation that she settled her claims with the at-fault driver for $250,000, Docket No. 15 at 4, the complaint clearly and unequivocally states that plaintiff is seeking to hold defendant liable for $250,000 in underinsured motorist coverage benefits pursuant to the terms of plaintiff's insurance policy. *See* Docket No. 3 at 3-4, ¶¶ 17-18, 20.

Even if plaintiff's complaint were ambiguous, however, the state court civil cover sheet, which indicates that plaintiff is seeking a monetary judgment of more than $100,000, Docket No. 1-2 at 1, was adequate to start the thirty-day removal clock. *See Paros Props. LLC*, 835 F.3d at 1272-73.[3] Because defendant's notice of removal was filed more than thirty days after defendant received plaintiff's cover sheet, *see* Docket No. 8 at 1, ¶ 2 (stating that plaintiff's civil case cover sheet was served on defendant on September 4, 2018), the notice of removal was untimely. *See* 28 U.S.C. § 1446(b). Remand is therefore appropriate. *See Paros Props. LLC*, 835 F.2d at 1273 (stating that district court should have remanded case where notice of removal was untimely).

Plaintiff requests an award of costs and attorney's fees incurred as a result of defendant's "inappropriate removal." Docket No. 12 at 6, ¶ 19. Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The

---

provided defendant sufficient notice that the amount in controversy requirement under 28 U.S.C. § 1332 was met.

[3]While the cover sheet lists the amount as $100,00.00, Docket No. 1-2 at 1, defendant makes no assertion that this obvious typographical error rendered the civil cover sheet ambiguous. *See* Docket No. 8 at 1, ¶ 3 (stating that plaintiff checked the box on the state court civil cover sheet indicating that "C.R.C.P. Rule 16.1 does not apply, because she is seeking over $100,000").

decision of whether to award costs and expenses under § 1447(c) rests in the discretion of the district court. *See Martin v. Franklin Capital Corp.*, 393 F.3d 1143, 1147 (10th Cir. 2004); *Daleske v. Fairfield Communities, Inc.*, 17 F.3d 321, 325 (10th Cir. 1994). "[A] plaintiff is not automatically entitled to attorney's fees simply because removal was ultimately determined to be improper." *Martin*, 393 F.3d at 1147. Rather, the key factor is whether the removing party had a legitimate, fair, or objectively reasonable basis for removing the case to federal court. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005); *Suder v. Blue Circle, Inc.*, 116 F.3d 1351, 1352-53 (10th Cir. 1997); *Daleske*, 17 F.3d at 324-25.

The Court finds that defendant had no legitimate, fair, or objectively reasonable basis for removing this case when it did. As discussed above, the requirements of federal jurisdiction were clearly ascertainable from both the complaint and the state court civil cover sheet, which were received by defendant on September 4, 2018. Even assuming defendant had a reasonable basis for believing that plaintiff's complaint was ambiguous, it has been well settled since 2016 that a state court civil cover sheet indicating that a plaintiff is seeking more than $100,000 is sufficient to start the thirty-day removal clock under § 1446(b). *See Paros Pros. LLC*, 835 F.3d at 1272-73.[4] Despite this fact, defendant opposed plaintiff's motion for remand. Under the circumstances, the Court finds that an award of reasonable attorney's fees and costs is appropriate. *See Excell, Inc. v. Sterling Boiler & Mech., Inc.*, 106 F.3d 318, 322 (10th

---

[4]Defendant never acknowledges this holding of *Paros Properties LLC*, despite citing to the case multiple times in the amended notice of removal and the response to plaintiff's motion for remand.

Cir. 1997) (finding award of attorney's fees and costs appropriate where defendant refused to voluntarily remand the case even though removal was improper under well settled law).

For the foregoing reasons, it is

**ORDERED** that Plaintiff's Motion to Remand Action to State Court Pursuant to 28 U.S.C.S. § 1447(c) [Docket No. 12] is **GRANTED**. It is further

**ORDERED** that this case is remanded to the District Court for Boulder County, Colorado, where it was filed as Case No. 2018CV30574. It is further

**ORDERED** that plaintiff is awarded the reasonable costs and attorney's fees incurred in preparing her motion for remand and reply brief. Plaintiff shall file an affidavit in accordance with D.C.COLO.LCivR 54.3 within fourteen days of this order. Within twenty-one days of receiving plaintiff's affidavit, defendant may file a response.

DATED February 12, 2019.

BY THE COURT:

  s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge